UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **SHAKIM SHABAZZ,** | * |
| **Plaintiff,** | * |
| v. | *   Civil Action No. GJH-22-2570 |
| **WARDEN ROBERT DEAN,** | * |
| **Defendant.** | * |
| | *** |

**MEMORANDUM**

Plaintiff Shakim Shabazz, who is incarcerated at Jessup Correctional Institution ("JCI"), filed an Amended Complaint as directed by this Court. ECF No. 4, 5. He was forewarned that the Amended Complaint would replace the original Complaint and would serve as the operative pleading in this matter. ECF No. 4 at 3. In his Amended Complaint, Shabazz alleges, pursuant to 42 U.S.C. § 1983, that his denial of access to a long-handled toothbrush and corresponding dental issues amount to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. ECF No. 5. He seeks monetary compensation and access to a long-handled toothbrush as relief. ECF No. 5 at 3. Shabazz has also filed two Motions to Proceed in Forma Pauperis. ECF No. 2, 6. Given the information in the Motions, Shabazz appears to be indigent, so the Motions will be granted.

By law, the Court must conduct an initial screening of a complaint and dismiss it if it: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) (2018). Here, even after affording Shabazz an opportunity to amend, the Amended Complaint remains deficient because Shabazz does not name proper defendants and he has not

stated a federal claim. For the reasons that follow, the Complaint will be dismissed without prejudice.

## I. Plaintiff's Allegations

Shabazz claims that he has been denied a "regular and adequate" toothbrush for the past three years. Compl., ECF No. 1 at 2. Instead, he was provided with a short-handled toothbrush. *Id.* at 4. He states that, while using the short-handled brush, he is unable to brush his teeth without putting his "fingers into [his] mouth." *Id.* He states that he had a tooth removed in April of 2022. *Id.* An exam was done prior to the removal, which revealed that "several dental issues ha[d] occurred" due to Shabazz's inability to brush properly. *Id.* These included "plaque build-up, decay, cavities, bone loss, pain and inflammation." *Id.* Shabazz states that, as a result, he was advised by dental staff to "brush regularly" and request a "regular toothbrush" from the warden. *Id.*

As defendants in this matter, Shabazz names only JCI Warden Robert Dean. *Id.* at 1. In stating his claim, he also seems to hold unnamed "dental staff" accountable for his injuries. *Id.* at 2. Shabazz states that he appealed to both the warden and the commissioner to try to obtain a long-handled toothbrush, but his requests were denied. *Id.* at 4. He states that the short-handled toothbrush "was approved for security purposes for segregation inmates not regular population inmates under [Division of Correcion] policy we are allowed regular toothbrushes." *Id.*

## II. Analysis

Shabazz alleges that his lack of a long-handled toothbrush and any corresponding dental hygiene issues amounted to constitutionally inadequate medical care. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536

2

U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson*, 877 F.3d at 543.

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-7 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King*, 825 F.3d at 218; *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017) (quoting *Iko*, 535 F.3d at 241); *see also Scinto*, 841 F.3d at 228 (failure to provide diabetic inmate with insulin where physician acknowledged it was required is evidence of objectively serious medical need).

After a serious medical need is established, a successful Eighth Amendment claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious

3

medical condition. *See Farmer*, 511 U.S. at 839-40. Under this standard, "the prison official must have both 'subjectively recognized a substantial risk of harm' and 'subjectively recognized that his[/her] actions were inappropriate in light of that risk.'" *Anderson*, 877 F.3d at 545 (4th Cir. 2017) (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004)); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842).

Shabazz has failed to satisfy these standards. He alleges only that he was provided a short-handled toothbrush rather than a long-handled toothbrush. He notes that he was seen by the dental department for a tooth extraction, and they suggested he "brush regularly" and request a "regular toothbrush" from the warden. ECF No. 1 at 4. The fact that this request was ultimately denied is insufficient to state a constitutional violation, nor does it amount to deliberate indifference. Shabazz does not allege any other inadequacies regarding his dental care; he solely focuses his claim on his lack of access to a long-handled toothbrush. While Shabazz may disagree with the type of toothbrush he has been issued, the Complaint clearly states he has been consistently provided with a toothbrush and access to dental care. "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional

circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)); *accord Jackson*, 775 F.3d at 178 ("[W]e consistently have found such disagreements to fall short of showing deliberate indifference."). There are no exceptional circumstances alleged in this case.

Further, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Absent personal participation, a supervisory official may be held liable upon a showing that: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791,799 (4th Cir. 1994).

Here, Shabazz names only JCI Warden Robert Dean as a Defendant. He states that he requested a long-handled toothbrush from Dean, but his request was denied. He also states that Dean was "aware of [his] having to have teeth pulled." ECF No. 1 at 4. These facts alone are insufficient to establish supervisory liability, and thus Shabazz has failed to name a proper defendant.

### III.  Conclusion

For the forgoing reasons, Shabazz's Complaint cannot proceed and will be dismissed. A separate order follows.

__November 29, 2022___  /s/_____
Date  GEORGE J. HAZEL
  United States District Judge